[734 NYS2d 861]

In the Matter of SETH MININSOHN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 3, 2001

#### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Mischel, Neuman & Horn, P. C.*, New York City (*Richard E. Mischel* of counsel), and *Jerome Karp*, Brooklyn, for respondent.

#### OPINION OF THE COURT

Per Curiam.

By decision and order of the Supreme Court of New Jersey

dated December 3, 1999, the respondent was disbarred, and his name was stricken from the roll of attorneys and counselors-at-law in that State.

On June 9, 2000, the Grievance Committee served a notice pursuant to 22 NYCRR 691.3 (b) upon the respondent's counsel, informing him of the respondent's right to impose certain enumerated defenses to the imposition of discipline in New York. In response, the respondent submitted a verified statement in which he requested a hearing on the ground that there was such an infirmity of proof surrounding the New Jersey decision as to give rise to the clear conviction that this Court could not, consistent with its duties, accept the finding of the New Jersey Supreme Court as final. By decision and order of this Court dated October 10, 2000, the Grievance Committee's motion to impose discipline in New York was held in abeyance pending a hearing pursuant to 22 NYCRR 691.3 (d) and the matter was referred to the Honorable Samuel Greenstein, as Special Referee, to hear and report.

The Special Referee found that respondent had not sustained his burden of proof with respect to the enumerated defense.

Based on the evidence adduced, including the opinion and order of disbarment of the Supreme Court of New Jersey, the order denying the respondent's motion for reconsideration, the transcript of the New Jersey hearing, the respondent's testimony and the testimony of his character witnesses, we conclude that the Special Referee's determination was proper.

Under the circumstances of this case, including the mitigation set forth by the respondent, the respondent is disbarred.

O'BRIEN, J. P., RITTER, SANTUCCI, KRAUSMAN and McGINITY, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Seth Mininsohn, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Seth Mininsohn is commanded to desist and refrain from (1) practicing law in any form, either as principal or as

agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.